[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 250.]

OFFICE OF DISCIPLINARY COUNSEL *v.* GETTYS.

[Cite as *Disciplinary Counsel v. Gettys*, 2000-Ohio-60.]

*Attorneys at law—Misconduct—Two-year suspension with second year stayed and probation with conditions for the entire two years—Convictions for possession of a controlled substance and operating a motor vehicle while under the influence—Practicing law while not registered with the Clerk of the Supreme Court of Ohio.*

(No. 00-761—Submitted July 6, 2000—Decided October 25, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-09.

————————————

{¶ 1} On April 10, 1996, respondent, Robert Patrick Gettys of Covington, Kentucky, Attorney Registration No. 0032534, was found guilty of felony possession of a controlled substance and the misdemeanor of operating a motor vehicle while under the influence. On June 20, 1996, the Supreme Court of Kentucky suspended respondent from the practice of law, and on September 25, 1996, we indefinitely suspended respondent from the practice of law in Ohio. *In re Gettys* (1996), 76 Ohio St.3d 1486, 669 N.E.2d 1155. On February 18, 1997, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with several violations of the Code of Professional Responsibility. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel concluded that respondent's conduct, which resulted in his convictions for possession of a controlled substance and operating a motor vehicle while under the influence, violated DR 1-102(A)(3) (engaging in illegal conduct

involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects upon an attorney's fitness to practice law).

{¶ 3} The panel further found that respondent was late in registering with the Clerk of the Supreme Court of Ohio in each biennium beginning with 1985-1986 and continuing through 1997-1998. It found that while he was not registered with the court respondent continued to practice law in Ohio. It concluded that respondent's actions in practicing law while not registered violated DR 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 1-102(A)(6), and 3-101(B) (practicing law in violation of the regulations of the profession in that jurisdiction).

{¶ 4} Mitigation evidence established that in 1996, respondent received thirty days of in-patient drug and alcohol treatment, after which he completed his thirty-day jail sentence and that he is no longer drinking or motivated to drink. Respondent submitted several letters from judges, members of the bar, and his local community, attesting to his character and ability to practice law.

{¶ 5} The panel recommended that respondent be suspended from the practice of law for two years with one of those years stayed, but that he remain on probation for the entire two years under the following conditions: first, that he be subject to random testing for drug or alcohol use; second, that he attend three Alcoholics Anonymous meetings each week and document such attendance; third, that he make quarterly visits to a psychologist; fourth, that an attorney appointed by the relator monitor these terms and conditions of probation and report compliance with them quarterly to the relator. The board adopted the findings, conclusions, and recommendation of the panel.

————————

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Robert Patrick Gettys*, *pro se*.

————————

*Per Curiam*.

**{¶ 6}** We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for two years with the second year stayed. Respondent shall remain on probation for the entire two years under the following conditions: first, that he be subject to random testing for drug or alcohol use; second, that he attend three Alcoholics Anonymous meetings each week and document such attendance; third, that he make quarterly visits to a psychologist; fourth, that an attorney appointed by the relator monitor these terms and conditions of probation and report compliance with them quarterly to the relator. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____